# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

———————————

No. 25-50352
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Fernandez-Fuentes,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-37-1

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Juan Fernandez-Fuentes appeals his sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). He argues for the first time on appeal that the enhancement of his sentence under § 1326(b) is unconstitutional because it is based on facts not alleged in the indictment and neither admitted nor proved beyond a reasonable doubt. He concedes that

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50352

this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a merits brief. Fernandez-Fuentes takes no position on the motion for summary affirmance.

The parties are correct that the sole argument Fernandez-Fuentes raises on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (stating that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Thus, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.